UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI A. BUCK,

       Plaintiff,                            Case No: 1:08-cv-35

v                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision denying plaintiff's claim for disability insurance benefits (DIB). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff first objects that the Magistrate Judge failed to follow the "treating source rule" when he rejected the opinions of plaintiff's treating physicians. The Court disagrees. The Magistrate Judge properly considered and applied the controlling principles of law in addressing plaintiff's argument concerning the weight accorded to the opinions of the treating physicians (R & R 5-15). *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541 (6th Cir. 2004); *see also Blakley v. Comm'r of Soc. Sec.,* ___ F.3d ___, 2009 U.S. App. LEXIS 21132 (6th Cir. 2009) (reiterating the

treating physician rule enunciated in *Wilson*). Although plaintiff objects that the Magistrate Judge devotes much time to explaining how some of plaintiff's severe impairments are really not severe, the Court finds no error in the extensive discussion, which simply addressed the record evidence separately with respect to each treating physician. The Magistrate Judge's review and conclusion comport with the principles enunciated in *Blakley*. Further, contrary to plaintiff's assertion, the Magistrate Judge's analysis does not constitute a prohibited "post-hoc rationalization" of the ALJ's conclusion. *See Johnson v. Sec'y of Health & Human Servs.,* 794 F.2d 1106, 1113 (6th Cir. 1986) (rejecting the government's post hoc rationale based on treatability where the record contained no finding that the claimant's obesity was treatable). Plaintiff's objection is therefore denied.

Plaintiff objects that "[n]either the ALJ nor the Magistrate Judge justified the ALJ's failure to analyze the effects of plaintiff's 'severe' obesity on her ability to perform SGA according to the requirements of SSR 02-01p" (Obj. 3). Plaintiff analogizes her case to another case, in which the district court remanded the case for additional administrative action because the plaintiff's morbid obesity was not adequately addressed by the ALJ. *See Rojas v. Comm'r of Soc Sec.,* No. 1:07-cv-1035, (W.D. Mich. April 2, 2009). Plaintiff contends that the effects of her obesity were severe enough that her doctor had warned her of it and recommended that she diet and exercise more. Plaintiff argues that her case should be treated no differently than *Rojas*.

Because the analysis concerning the conditions and effects of obesity are specific to each individual's circumstances, the result in *Rojas* is not necessarily mandated in this case. In *Rojas*, "the ALJ did not mention SSR 02-01p in his decision or give any meaningful discussion of the effect of plaintiff's obesity as suggested in the guidelines." *Rojas*, *supra*, Slip Op. *11. Here, as defendant points out, in evaluating the medical evidence the ALJ expressly included plaintiff's obesity among

2

her severe impairments (Tr. 16). The ALJ and the Magistrate Judge properly considered plaintiff's obesity with respect to SSR 02-01p. There is no basis in this case for a remand. Plaintiff's objection is without merit.

Plaintiff last objects that the ALJ's RFC assessment is supported neither by the MER nor by plaintiff's testimony, which was discredited by the ALJ without reasons supported by substantial evidence. Plaintiff asserts that the ALJ and the Magistrate Judge disregarded that plaintiff's condition worsened over time, thus accounting for the differences in her activity (Obj. 3). Further, the fact that plaintiff continued to work with migraine headaches showed great courage and should have been weighed in favor of her as a good work record factor, SSR 96-7p, rather than as a factor undermining her credibility.

Regardless whether plaintiff's factual assertions and inferences are valid, the Court finds no error in the Magistrate Judge's review of this issue. On the whole, the matter of plaintiff's credibility was properly considered and resolved by the ALJ. As the Magistrate Judge stated: "The ALJ found that plaintiff's subjective complaints were not fully credible, and the ALJ's findings in that regard are supported by more than substantial evidence" (R & R 18). The Court finds no error based on plaintiff's contentions.

In summary, the Magistrate Judge properly addressed the issues to which plaintiff has objected, and the governing principles of law. As plaintiff notes, her objections were previously raised as issues in plaintiff's brief, which were reviewed in considerable detail by the Magistrate Judge. The Court finds no error in the resolution reached in the Magistrate Judge's Report and Recommendation. Accordingly:

**IT IS ORDERED** that plaintiff's objections (Dkt 11) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 10) is APPROVED and ADOPTED as the opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 30, 2009                  /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge